**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN ROUSE, also known as Abdur Rashid Khalif, <br><br>               Plaintiff - Appellant, <br><br>    v. <br><br> ELDON VAIL, <br><br>               Defendant - Appellee. | No. 10-35412 <br><br> D.C. No. 3:08-cv-05620-RJB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

    Washington state prisoner Calvin Rouse, aka Abdur Rashid Khalif, appeals

pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations resulting from the prison's use of the name he was

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

convicted under instead of his legal and religious name. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007), and grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment as to appellant's claims regarding the use of his legal name on his mail and ID badge because he failed to raise a genuine dispute of material fact as to whether the prison's name policy was reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

The district court properly dismissed appellant's remaining claims without prejudice because he failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (explaining that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Appellant's remaining contentions, including those regarding the non-party Superior Court, are unpersuasive.

**AFFIRMED.**